PRICE, Judge.
Jean Patricia Chatt McKay brought this action against Raymond Earl McKay for a separation on the grounds of cruelty and habitual intemperance. Defendant filed a reconventional demand seeking similar relief on allegations of cruel treatment on the part of his wife. The trial court awarded Mrs. McKay a separation and rejected defendant’s reconventional demand. Judgment was rendered on an accompanying rule awarding plaintiff the custody of a sixteen-year-old daughter together with child support. The seventeen and eighteen-year-old sons remained with defendant in accord with their request.
Defendant has appealed from both judgments assigning numerous specifications of error.
He contends plaintiff was guilty of cruel treatment toward him which should entitle him to judgment on his reconven-tional demand, or in the alternative, should preclude her from obtaining the separation under the doctrine of mutual fault. (Act 495 of 1976 re-enacting Article 141 of the Louisiana Civil Code to authorize a separation where mutual fault is found, is not applicable to this suit which was tried and decided prior to its effective date.)
The evidence supports the trial judge’s finding that defendant’s conduct toward plaintiff entitled her to a separation. There is sufficient testimony to establish defendant has for many years consumed excessive quantities of alcoholic beverages, and frequently uses obscene and foul language toward plaintiff and the children. He also has, on occasion, ridiculed plaintiff in public and referred to her by derogatory names. He frequently remains away from home after work hours and on weekends.
The accusations of fault by defendant against plaintiff consist principally of an attitude of coldness and indifference toward him beginning approximately two years ago after he suffered a paralysis of a vocal cord affecting his speech.
Plaintiff’s allegations of fault against defendant are supported by the evidence. To the contrary, the proof of any cruel treatment on the part of plaintiff toward defendant is not of sufficient severity to justify a finding of mutual fault.
Defendant contends the reasons given by the trial judge contain a statement which constitute a finding of equal fault on the part of the wife. The reference made by the court to some fault of plaintiff is an observation that, in most cases, there is always some degree of fault on the part of both parties. We do not understand the court to intend a specific finding of equal fault on the part of plaintiff by this comment. Such a construction would not be in accord with the evidence.
Defendant contends the judgment on the rule for child support awarded plaintiff an excessive amount for the support of the daughter. An award of $180 per month for the sixteen-year-old daughter was made by the trial court. Plaintiff’s net income is shown to be $486.77 per month. She has requested no alimony for herself. Defendant has a net income after taxes, social security, and insurance of approximately $1,000 per month. He is a career air force man at Barksdale Air Force Base which gives him additional economic benefits such as medical and hospitalization services.
Under these circumstances, there has been no abuse shown by the trial judge in fixing child support.
Counsel have requested that the judgment of separation be modified to remove the provision enjoining defendant from disposing of community funds on deposit in Bossier Bank and Trust Company, as these funds were amicably divided prior to rendition of judgment.
In accord with the foregoing, the judgment of June 9, 1976, awarding plaintiff a separation from bed and board is reversed in so far as it permanently enjoins defendant from disposing of community funds on deposit in Bossier Bank and Trust Company; the judgment in all other respects is affirmed.
The judgment of June 9, 1976, awarding custody of the minor daughter to plaintiff, *658 together with the sum of $180 per month for her support, is affirmed.
Costs of this appeal are assessed to appellant.